**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2232
_____

IFEOMA EZEKWO,
                                        Appellant

v.

JUDGE ADAM JACOBS, Individually and in his official capacity as Justice of Superior
Court, Paterson, NJ; JUDGE CHIOCCA, Individually and in his official capacity as
Justice of Superior Court, Paterson, NJ; JUDGE  HOFFMAN, Individually and in his
official capacity as Justice of Appellate Court, Trenton, NJ; JUDGE  SUSSWEIN,
individually and in his official capacity as Justice of Appellate Court, Trenton, NJ;
JUDGE RENEE BUMB, Individually and in her official capacity as Justice of the
Federal District Court Camden, New Jersey; SHERIFF RICHARD H. BERDNIK,
Individually and in his official capacity as Paterson City Sheriff
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:22-cv-02980)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 23, 2024

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: August 9, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

     Ifeoma Ezekwo appeals pro se from an order granting the defendants' motions to dismiss her complaint.  We will affirm.

     Ezekwo filed a complaint in the United States District Court for the District of New Jersey, alleging that state court judges colluded with Passaic County Sheriff Richard H. Berdnik to steal her home in a foreclosure action.  Ezekwo sought $2 billion in damages and a declaration that she is the rightful owner of the property.[1]  The judges and Sheriff Berdnik separately filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motions to dismiss, holding that the defendants were immune from suit. The District Court also provided Ezekwo with leave to amend within 30 days of the entry of its order.  Rather than file an amended complaint, Ezekwo timely filed a notice of appeal.

     We have jurisdiction under 28 U.S.C. § 1291.[2]  See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992); Borelli v. City of Reading, 532 F.2d 950, 951-52

---

[1] Ezekwo did not allege, however, that a declaratory decree was violated or that declaratory relief is unavailable.  Thus, she is not entitled to declaratory relief.  See 42 U.S.C. § 1983; Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam); cf. Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009) (stating that state officials sued in their individual capacities were entitled to quasi-judicial immunity and thus not subject to suit for injunctive relief).

[2] In addition to the state court judges and Sheriff Berdnik, Ezekwo also named as a defendant United States District Court Judge Renee Bumb.   Although the District Court did not specifically address Ezekwo's claims against Judge Bumb, Judge Bumb was not properly served and thus was never a party to the case within the meaning of Federal Rule of Civil Procedure 54(b).  See Gomez v. Gov't of Virgin Islands, 882 F.2d 733, 735-36 (3d Cir. 1989).  Accordingly, the District Court's order is final and appealable,

(3d Cir. 1976) (per curiam). We exercise de novo review over the District Court's grant of a motion to dismiss. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true," to show that its claims are facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Ezekwo's claims against the state court judges who presided over the foreclosure proceedings are barred. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Judicial immunity applies even if the action "was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" Id. (quoting Stump v. Sparkman, 435 U.S. 349, 356 (1978)). Here, Ezekwo's allegations against the state court judges solely relate to actions that they took in connection with the foreclosure proceedings. Although Ezekwo asserts that immunity does not apply because the judges acted corruptly and conspired to rule against her, her vague allegations do not plausibly suggest that the judges acted outside their judicial role or in the absence of jurisdiction. See Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (holding judges are immune "from liability for damages for acts committed within their judicial jurisdiction" even when "accused of acting maliciously and corruptly"); see also Young v. Kann, 926

_____

and we have jurisdiction over this appeal. See id. see also United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976).

3

F.2d 1396, 1405 n.16 (3d Cir. 1991) (explaining that conspiracy claims may not be based "merely upon . . . suspicion and speculation" and also stating that general allegations of conspiracy not based on facts are conclusions of law that are insufficient to state a claim).

Sheriff Berdnik was also immune from liability for conducting the sale of Ezekwo's property. Quasi-judicial immunity extends to acts authorized by court order. See Russell v. Richardson, 905 F.3d 239, 250 (3d Cir. 2018). If, as Ezekwo alleged, Sheriff Berdnik "attempt[ed] to steal [her] property," his actions would not be covered by quasi-judicial immunity. But Ezekwo did not allege any facts indicating that the Sheriff was not acting to execute a lawful foreclosure order or that the Sheriff executed the order in an unlawful manner. See id. Accordingly, the District Court properly granted Sheriff Berdnik's motion to dismiss.

For the foregoing reasons, we will affirm the judgment of the District Court.